D. H. BARTON *v.* B. B. BROWN AND WIFE.

[Abstract Kentucky Law Reporter, Vol. 7—221.]

**Right of Possession of Real Estate.**

> Where the owner of real estate sues for its possession to which
> he is entitled, the Chancellor can not legally withhold from him
> the writ of possession to await a report of a commissioner of the
> value of rents and improvements.

APPEAL FROM PENDLETON CHANCERY COURT.

September 12, 1885.

OPINION BY JUDGE LEWIS:

The paper executed by appellees to Samuel Colcord, September 6, 1866, whether evidencing a sale or mortgage of the wife's land did not operate to divest her of her title, or the right to sue in conjunction with her husband at any time for and to recover the possession. Nor, as appellants hold and claim the land in virtue of the written contract mentioned and under her, can they call in question, or put her upon the proof of her title.

The paper dated March 28, 1871, purporting to have been executed by appellees and which appears to be an agreement by them that the costs of a certain suit shall be deducted from the purchase-money, when they made a deed to the land, while evidencing an agreement to pay money, which might or might not be enforced, does not strengthen the claim of appellants for the land or show their right to resist a recovery.

It follows, therefore, that the court properly overruled the demurrer to the petition and sustained the one filed to the answers.

Appellants are not concluded in the judgment rendered from a recovery of whatever amount has been paid as purchase-money upon the land if they shall hereafter manifest their right to set it off against the rents, and it is still in the power of the lower court to make all necessary orders in respect thereto, or any other matter necessary for an equitable adjustment of the respective account of the parties. It was not necessary, nor would it have been proper for the chancellor to withhold from the appellees the writ of possession to await a report of the commissioner of the value of rents

and improvements. For having manifested their title to the land there is no reason apparent for denying them the possession.

Judgment *affirmed*.

*C. H. Lee, for appellant.*

*Clarke & Applegate, for appellee.*